UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHRIRAMAN APARANJI,<br>618 W. Parkside Drive,<br>Palatine, IL 60067,<br><br>and<br><br>APARNA DESHPANDE,<br>618 W. Parkside Drive,<br>Palatine, IL 60067,<br><br>Plaintiffs,<br><br>v.<br><br>JEH JOHNSON, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C. 20528,<br><br>and<br><br>ERIC HOLDER, Attorney General of the United States, in his official capacity as well as his successors and assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530,<br><br>and<br><br>JAMES B. COMEY, Director,<br>Federal Bureau of Investigation in his official capacity, as well as his successors and assigns,<br>J. Edgar Hoover Building,<br>935 Pennsylvania Avenue N.W.,<br>Washington, D.C. 20535,<br><br>and<br><br>LEON RODRIGUEZ, Director, U.S. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS<br><br>CIVIL ACTION NO. _____<br><br>ALIEN NUMBERS: A089034086<br>                                  A089034087<br><br>AGENCY CASE NUMBERS:<br>SRC-07-284-51844<br>SRC-07-284-51769<br><br>REQUEST FOR ORAL ARGUMENT |

| | |
|---|---|
| Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529, | ) ) ) ) ) ) ) |
| and | ) ) |
| DONALD NEUFELD, Associate Director, Service Center Operations Directorate, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529, | ) ) ) ) ) ) ) ) ) ) ) |
| and | ) ) |
| GREGORY A. RICHARDSON, Center Director, Texas Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 4141 North St. Augustine Road, Dallas, TX 75227, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Shriraman Aparanji ("Plaintiff-husband") and Aparna Deshpande ("Plaintiff-wife"), through undersigned counsel, allege as follows:

### I. INTRODUCTION

1.   This civil action seeks to compel unreasonably delayed government action on the adjudication of the Form I-485 Applications for Adjustment of Status ("I-485 Applications")

properly filed by Plaintiffs on July 2, 2007. These Applications were filed and remain within the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 Applications for **more than 2,800 days, or over seven years**, to Plaintiffs' detriment.

2. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application...." 8 U.S.C. §1571(b).

3. The Administrative Procedure Act requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4. This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-485 Applications. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5. Plaintiff-husband has made numerous inquiries with USCIS regarding the delayed adjudication of the I-485 Applications, without success. Plaintiffs have not been advised of any specific problem, issue, or question about their filings. Instead, Plaintiffs have simply been told that these Applications were being subjected to further review and that they had to wait, indefinitely, with no apparent deadline for adjudication.

6. As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7. This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' Applications.

8. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14)

days after an Order of this Court.

9. Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia. Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Director James B. Comey, is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia. Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Leon Rodriguez is an officer of the DHS and is the Director of USCIS, which is headquartered in the District of Columbia. Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e. Defendant Donald Neufeld is an officer of the DHS and is the Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia. Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f. Defendant Gregory A. Richardson is an officer of the Department of Homeland Security and of USCIS. Defendant Richardson is the Director of the USCIS Texas Service Center. Defendant Richardson retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

g. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

h. Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency

Director who is similarly located within the District of Columbia.[1]

12. Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

### IV. PARTIES

13. Plaintiff-husband, Shriraman Aparanji, is an adult individual who is a national of India and resides lawfully in the United States. He resides at 618 W. Parkside Drive, Palatine, IL 60067. *See* Affidavit of Shriraman Aparanji, dated February 23, 2015, a copy of which is attached and incorporated hereto as **Exhibit A**.

14. Plaintiff-wife Aparna Deshpande, is an adult individual who is a national of India and resides lawfully in the United States. She resides at 618 W. Parkside Drive, Palatine, IL 60067. She is the spouse of Plaintiff Shiraman Aparanji. *See* Affidavit of Aparna Deshpande, dated February 23, 2015, a copy of which is attached and incorporated hereto as **Exhibit B**.

15. Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is a subordinate agency within the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16. Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. More specifically, Mr. Holder is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450. Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

17. James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18. Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of I-485 Applications. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19. Donald Neufeld is the Associate Director, Service Center Operations at USCIS. He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20. Gregory A. Richardson is the Director of the Texas Service Center of the USCIS located at 4141 North St. Augustine Rd, Dallas, TX 75227 and is named herein only in his

official capacity, as well as his successors and assigns. The I-485 Applications in question were filed at the Texas Service Center. See **Exhibit C**.

## V. STATEMENT OF FACTS

A. **Process to Become a Lawful Permanent Resident**

21. An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity. The intending immigrant's actual or potential employer initiates the first two stages. First, the employer files an Application for Alien Employment Certification, also known as a Labor Certification Application ("LC"), with the U.S. Department of Labor ("DOL"). The DOL grants "certification" when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment. See 8 U.S.C. §1182(a)(5)(A).

22. Second, if DOL grants the LC requested, the employer must file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer previously certified by the DOL. The intending immigrant is referred to as the "beneficiary" of the I-140 Petition. USCIS examines evidence filed with the petition to determine eligibility for the benefit requested. See 8 U.S.C. §§1153(b) and 1154(b).

23. Third, the intending immigrant files an I-485 Application with USCIS requesting LPR status based on the I-140 Petition. This may be filed concurrently with the I-140 petition. See 8 C.F.R. §245.2(a)(2)(i). However, an approved I-140 petition is a prerequisite to the approval of the I-485 Application. See 8 U.S.C. §1255(a).

B. **Case History**

24. On or about May 24, 2006, Mercer HR Consulting, Inc. filed an I-140 Petition on behalf of Plaintiff-husband. With the I-140 Petition, Mercer HR Consulting, Inc. properly included the DOL-approved Labor Certification, as required by law. The I-140 Petition was approved on or about August 9, 2006 in the EB3 (or employment-based "Third Preference")

category with priority date of May 3, 2004. See USCIS Form I-797, Receipt Number SRC-06-183-51137, dated August 9, 2006, a copy of which is attached and incorporated hereto as **Exhibit D**.

25. On or about July 2, 2007, Plaintiffs filed their I-485 Applications. See USCIS Form I-797C, Receipt Number SRC-07-284-51769 and SRC-07-284-51844 dated July 2, 2007, copies of which are attached and incorporated hereto as **Exhibit C**.

26. Plaintiff-husband began working for a new employer, Deloitte Consulting, Inc. on November 7, 2010 pursuant to the American Competitiveness in the Twenty-First Century Act ("AC21") which permits I-485 Applicants, whose applications have been pending with USCIS for 180 days or more, to move to a different employer (without the necessity of obtaining a new Labor Certification or I-140 Petition) if the job with the new employer is the "same or similar" to the job offered by the original employer. This provision of AC21 is commonly referred to as the "portability" provision.

27. On or about February 1, 2012, PeopleTech Group filed a new Labor Certification Application with the DOL on behalf of Plaintiff-husband, seeking to qualify him for permanent residence in the EB2 (or employment-based "Second Preference") category. An approval in the EB2 category would normally result in a much quicker grant of permanent resident status than in the EB3 category. Plaintiff-husband began working for PeopleTech Group on February 13, 2012 pursuant to AC21 "portability." See **Exhibit A**.

28. On or about May 23, 2012, PeopleTech Group filed an I-140 Petition on behalf of Plaintiff-husband. With the I-140 Petition, PeopleTech Group properly included its own approved Labor Certification, as required by law. The I-140 Petition was approved on or about May 31, 2012 in the EB2 category, while retaining the original priority date of May 3, 2004. See USCIS Form I-797, Receipt Number SRC-12-161-51049, dated May 30, 2012, a copy of which is attached and incorporated hereto as **Exhibit E**.

29. In June 2012, Plaintiff-husband contacted the USCIS National Customer Service

Center to confirm that the I-140 petition filed by PeopleTech Group and been properly "interfiled" into the pending I-485 applications to effectuate the "upgrade" from EB3 to EB2 classification. He was informed that the cases had been interfiled.

30. On or about June 25, 2013, Plaintiff-husband received an email indicating that his I-485 Application was approved and his green card produced. Plaintiff-husband never received a green card and his I-485 Application remained pending. *See* **Exhibit F**

31. It has now been **over 2,800 days** since Plaintiffs properly filed their I-485 Applications with USCIS.

32. The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence. 8 U.S.C. §1151(a). The Department of State publishes a monthly "Visa Bulletin" to track and announce the availability of these visas. The Department of State's monthly Visa Bulletin for the month of March 2015 demonstrates that immigrant visas are currently available to Plaintiffs. *See* U.S. Department of State Visa Bulletin for March 2015, a partial copy of which is attached and incorporated hereto as Exhibit visa bulletin. Plaintiff-husband's priority date is May 3, 2004, in the Second Preference employment category (EB2). The Visa Bulletin for March 2015 shows that visa numbers are available in the employment-based, Second Preference category for Indian applicants with a cut-off date of January 1, 2007. As Plaintiff-husband's priority date is earlier than the cut-off date, he is a member of the class eligible for approval of his I-485. *See* **Exhibit G**.

33. Therefore, immigrant visas are immediately available to the Plaintiffs, and the Plaintiffs are eligible for an adjustment of status to that of LPR. 8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

34. Due to extreme delays, the I-485 Applications are still pending with USCIS. *See* **Exhibit A**.

35. Plaintiffs have completed all steps required regarding this case. *See* **Exhibit A**.

36. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications). Congress indicated that adjudication of such petitions and Applications "should be completed not later than 180 days after the filing of the initial filing of the application...." See 8 U.S.C. §1571(b).

37. Based on USCIS's own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications are pending) is now adjudicating I-485 Applications that were filed in June 2014. Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on July 2, 2007. See USCIS Processing Time Information for Texas Service Center, posted January 31, 2015, a copy of which is attached and incorporated hereto as **Exhibit H**.

C. **USCIS and FBI Security Checks**

38. Once any application for an immigration benefit is filed, which includes I-485 Applications, the FBI conducts mandatory criminal and national security background checks before adjudication of the petition or application is completed. These security checks include the FBI Name Check, which is part of the NNCP. See Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as **Exhibit I**.

39. In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found. See **Exhibit I**, page 2.

40. The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of Applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. See **Exhibit I**, page 6 and USCIS Fact Sheet, dated April

25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

41. The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours. Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases. Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information. *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as **Exhibit J**.

42. On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog had been eliminated. The Update indicated that by the end of June 2009, the FBI would have completed 98% of USCIS Name Check requests within 30 days, and would process the remaining two within three months. *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as **Exhibit K**.

D. **Exhaustion of Administrative Remedies**

43. Plaintiff-husband sent an email inquiring about the pending I-485 Applications in October 2012 to ebupdate.tsc@uscis.gov. He received a response on October 18, 2012 stating that additional review had to be performed on the cases. *See* **Exhibit A**; EB Update Response dated 10/18/2012, a copy of which is attached and incorporated hereto as **Exhibit L**.

44. Plaintiff-husband again emailed ebupdate.tsc@uscis.gov in January 2013 regarding the status of the I-485 Applications. Plaintiff-husband received a response on January 25, 2013 stating that his I-485 application was still pending and that USCIS could not determine when the review process would be complete. *See* **Exhibit A**; EB Update Response dated 01/25/2013, a copy of which is attached and incorporated hereto as **Exhibit M**.

45. Plaintiff-husband contacted U.S. Senator Patty Murray for assistance in January 2013. He was informed that his case was pending a security clearance. *See* **Exhibit A**; U. S. Senator Patty Murray's office Response Email dated 07/01/2014, a copy of which is attached and incorporated hereto as **Exhibit N**.

46. USCIS issued a Request for Evidence (RFE) for Plaintiff-husband's I-485 Application on June 14, 2013. Plaintiff-husband's former attorney responded to the RFE on July 25, 2013. *See* **Exhibit O**; Request for Evidence Response Cover Letter dated 07/25/2013 and Request For Evidence Notice dated 07/15/2013.

47. Plaintiff-husband visited the USCIS website and placed a status inquiry in October 21, 2013 noting that the I-485 Applications were outside normal processing times. Plaintiff-husband received a response on October 23, 2013 stating that his I-485 Application was pending adjudication and that USCIS could not provide a completion date. *See* **Exhibit A**; USCIS Inquiry Response dated 10/23/2013, a copy of which is attached and incorporated hereto as **Exhibit P**.

48. Plaintiff-husband's former attorney visited the CIS Ombudsman's website and placed an inquiry on February 5, 2014. On May 15, 2014, that attorney received a response via email stating that the I-485 Application was being actively reviewed but that USCIS could not provide a specific time frame for resolution. *See* **Exhibit A**; correspondence from former attorney's office regarding CIS Ombudsman's update dated 07/02/2014, a copy of which is incorporated and attached hereto as **Exhibit Q**.

49. Plaintiff-husband contacted U.S. Senator Richard J. Durbin for assistance in August 2014. Senator Durbin contacted USCIS on August 27, 2014. USCIS responded to the Senator's inquiry stating that Plaintiff-husband's I-485 Application was pending and that they could not determine when the review process would be complete.

50. There are no further administrative remedies available to Plaintiffs to redress the grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

51. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

52. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

53. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

54. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

55. Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 Applications, and to do so within a reasonable time.

56. Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications. *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

57. Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the approval or denial of these filings.

58. The INA indicates that a reasonable time period for USCIS to adjudicate Applications for immigration benefits (which include I-485 Applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration

benefit application, which includes I-485 Application, should be completed not later than 180 days after the initial filing of the application).

59. Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications are pending) is adjudicating I-485 Applications submitted on or before March 15, 2014, yet has not adjudicated Plaintiffs' own Applications which were filed on July 2, 2007. See **Exhibit H**.

60. USCIS' delay in adjudication of Plaintiffs' I-485 Applications of over 2,600 days since the subject case was filed is unreasonable and in violation of the APA.

61. Plaintiffs have exhausted administrative remedies.

62. USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count II

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his or her Duty)**

63. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

64. Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

65. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications. See, e.g., 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

66. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications within a reasonable time.

67. Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in

the adjudication of the subject Applications, not the approval or denial of these filings.

68. The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and for Adjustment of Status is within 180 days of initial filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Application, should be completed not later than 180 days after the initial filing of the application).

69. Based on the USCIS' own published processing times, the USCIS Texas Service Center, where Plaintiffs' Applications are pending, is adjudicating I-485 Applications submitted on or before **July 27, 2014**, yet has not adjudicated Plaintiffs' Applications which were filed on July 2, 2007. *See* **Exhibit C**.

70. Against these standards, DHS/USCIS have failed to adjudicate the subject Applications within a reasonable period of time, considering that over 2,600 days have passed since Plaintiffs filed their I-485 Applications.

71. Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or indication of when adjudication of this case might be forthcoming.

72. Plaintiffs ask this Court to compel DHS Secretary Jeh Johnson, USCIS Director Leon Rodriguez, Associate Director Donald Neufeld, and Texas Service Center Director Gregory A. Richardson to perform their duty and adjudicate Plaintiffs' I-485 Applications.

73. USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injury.

**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

74. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

75. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. See 5 U.S.C. §702. Agency action includes a failure to act. See 5 U.S.C. §551(13).

76. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

77. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

78. Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks. See, e.g., Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

79. Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

80. Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Applications, not the approval or denial of these Applications.

81. Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over 2,600 days have passed since Plaintiffs filed their I-485 Applications, which is far, far in excess of the average time it takes the FBI to complete a name check.

82. Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Applications is preventing adjudication by USCIS.

83. Plaintiffs have exhausted their administrative remedies.

84. The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Applications have caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

85. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

86. Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361, which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

87. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

88. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications within a reasonable time.

89. Plaintiffs have a clear and certain right to have the NNCP name checks for their I-485 Applications completed within a reasonable period of time.

90. Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of their I-485 Applications, not the approval or denial of these Applications.

91. The FBI has failed to complete the NNCP name checks on the subject I-485 Applications within a reasonable period of time, considering that over 2,600 days have passed since Plaintiffs filed them. This time period is far, far in excess of the average time it takes the FBI to complete a Name Check.

92. Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

93. Plaintiffs ask this Court to compel Defendants Attorney General Eric Holder and FBI Director James B. Comey to complete the FBI National Name Check Program clearances on the subject I-485 Applications, which is required for the USCIS to adjudicate these I-485 Applications.

94. The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## VII. INJURIES TO PLAINTIFFS

95. The USCIS' unreasonable delay in adjudicating the subject I-485 Applications is causing Plaintiffs substantial harm. Plaintiffs' ability to travel abroad and work are restricted during the pendency of these applications. Plaintiffs are unable to plan for the future given the uncertainty of their situation. *See* **Exhibit A**.

96. The USCIS' unreasonable delay is preventing Plaintiffs from obtaining LPR status in the United States. This status would provide Plaintiffs with the following benefits: the right to remain lawfully in the U.S. and not be subject to removal (formerly known as deportation); the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* **Exhibit A**.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Declare that the Defendants' delay in adjudicating Plaintiffs' I-485 Applications (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2) Compel Defendant Secretary Jen Johnson, Defendant Director Leon Rodriguez, Defendant Associate Director Donald Neufeld, and Defendant Director Gregory A. Richardson to perform their duty to adjudicate Plaintiffs' I-485 Applications;

(3) Compel Defendant Attorney General Eric Holder and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-485 Applications;

(4) Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court;

(5) Grant such other relief as this Court deems proper under the circumstances; and

(6) Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 20th day of March 2015.

/s/Aron Finkelstein, Esquire
U.S. District Court Bar # MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiffs